IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN CHRISTOPHER WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-1497-SLP |
| ) | |
| SARAH ELIZABETH HOLMES, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiff Stephen Christopher Wright's Combined Motion to Remand Case to State Court, Motion for Order, and Opposition to Dismiss.[1] [Doc. No. 6]. Plaintiff seeks to remand this case back to the District Court of Garvin County, Oklahoma. As set forth below, Plaintiff's Motion is GRANTED.[2]

**I.    Background**

This case arises out of a series of alleged encounters between Plaintiff and various individual defendants, as well as Defendant City of Elmore City ("Elmore City"), in 2024 and 2025. Plaintiff alleges that Defendants engaged in physical confrontations, made false statements about him, and inflicted emotional distress, resulting in personal, economic, and reputational harm. Plaintiff's operative pleading—the Second Amended Petition filed in

---

[1] Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

[2] Because the Court concludes it lacks subject-matter jurisdiction and remands the action, it does not address Plaintiff's remaining requests for relief.

state court [Doc. No. 1-2]—asserts causes of action sounding in Oklahoma tort law, including intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, assault and battery, and related claims. *Id.*

Elmore City removed this action from the District Court of Garvin County, Oklahoma to this Court, asserting federal-question jurisdiction. *See* Notice of Removal [Doc. No. 1] at 2-3. In its Notice of Removal, Elmore City contends that the action "arises in part under the Fourth Amendment and 42 U.S.C. § 1983," notwithstanding that Plaintiff "did not expressly reference 42 U.S.C. § 1983," because the allegations are "sufficient to ascertain that Plaintiff intended to allege violations of his Fourth Amendment rights, whether or not he sufficiently pleaded such claims." *Id.*

Plaintiff thereafter filed the instant Motion to Remand, disputing that he intended to assert any federal constitutional claim and asserting that his claims are grounded solely in state law. *See* Motion to Remand [Doc. 6].

II.    **Governing Standard**

Federal courts are courts of limited jurisdiction, and the party seeking to invoke federal jurisdiction bears the burden of proving the exercise of such jurisdiction is proper. *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 946–47 (10th Cir. 2014). A defendant may remove a civil action from state court to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

Original jurisdiction based on federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v.*

2

*Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the well pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal quotations omitted)).  The rule reflects the "strong policy favoring a plaintiff's right to bring suit in the forum of his or her choosing when making only state-law claims." *Six v. City of Moriarty*, No. CIV 17-1113 KG/KK, 2018 WL 3178297, at *2 (D.N.M. June 28, 2018) (citing *Caterpillar Inc.*, 482 U.S. at 392 ("[T]he party who brings the suit is master to decide what the law he will rely upon."))*.*  The removal statute is to be strictly construed against removal, and all doubts should be resolved in favor of remand. *Pritchett v. Off. Depot, Inc.*, 420 F.3d 1090, 1097 (10th Cir. 2005).

### III. <u>Discussion</u>

#### A. Timeliness of Removal

As a preliminary matter, the Court considers whether Plaintiff's Motion to Remand is untimely.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).  Elmore City filed the Notice of Removal on December 12, 2025, and Plaintiff filed his Motion to Remand on January 13, 2026—one day beyond the thirty-day period.  Nevertheless, the Court shall *at any time* before final judgment remand based on a lack of subject matter jurisdiction.  *Id.*; *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

In his Motion to Remand, Plaintiff does not expressly request remand based on a lack of subject matter jurisdiction. Yet, he states that he did not intend to bring any federal claims or claims related to deprivation of rights in his Second Amended Petition. *See* [Doc. No. 6] at 2-3. Under these circumstances, the Court construes Plaintiff's Motion as seeking remand based on lack of subject-matter jurisdiction. *See Six*, 2018 WL 3178297, at *2. Accordingly, the Motion is timely.

### B. Federal Question Jurisdiction

In the Notice of Removal, Elmore City contends that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action is "founded on claims or rights asserted under the laws of the United States." [Doc. No. 1] at 2-3. Specifically, Elmore City states that notwithstanding that Plaintiff "did not expressly reference 42 U.S.C. § 1983," the allegations are "sufficient to ascertain that Plaintiff intended to allege violations of his Fourth Amendment rights." *Id.*

Plaintiff expressly rejects that characterization. In his Motion to Remand, Plaintiff states he "made no claims involving deprivation of rights," and that neither his pre-suit tort claim nor his Second Amended Petition sought relief for deprivation of rights. [Doc. No. 6] at 2–3. Plaintiff further argues that removal was based not on the claims pleaded, but on Elmore City's interpretation of what he "intended" to plead. *Id.* at 3.

Elmore City's pending Motion to Dismiss reinforces that no federal claim is expressly pleaded. There, Elmore City acknowledges that "[t]he only enumerated claim against the City of Elmore City is that of defamation," while asserting that Plaintiff "suggests an effort to claim Elmore City violated his Fourth Amendment right" and arguing

4

in the alternative that any such constitutional claim should be dismissed if "construed" or "implied." [Doc. 3 at 6, 15–16].

The Court agrees with Plaintiff that the Second Amended Petition does not assert a federal cause of action on its face. Although the factual allegations could potentially support a federal civil-rights claim, the mere possibility that a plaintiff could have asserted a federal claim is insufficient to confer federal-question jurisdiction. A plaintiff is the "master of his complaint" and may elect to rely exclusively on state law. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003) ("Despite our authority to look beyond the complaint, the plaintiff remains the master of his claims and may choose to have his claims heard in state court by avoiding claims based on federal law."); *Caterpillar Inc*, 482 U.S. at 399 ("[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."); *In re Taxable Mun. Bonds Litig.*, No. CIV. A. 92-3931, 1993 WL 165729, at *3 (E.D. La. May 10, 1993) ("Simply put, defendants have done no more than demonstrate that plaintiffs may have a viable federal claim in addition to their state law claims. The plaintiff is the master of his complaint and may omit a meritorious federal claim if that is his choice.") (citations omitted)). Courts consistently hold that a plaintiff's decision to omit federal claims—even potentially viable ones—is dispositive for jurisdictional purposes. *See, e.g.*, *Unified Sch. Dis. No. 497 v. Long-Palcher*, No. CIV.A.01-2448-CM, 2002 WL 1263973, at *2 (D. Kan. May 30, 2002).

Accordingly, because no federal question appears on the face of Plaintiff's Second Amended Petition, this Court lacks subject-matter jurisdiction. Based on Plaintiff's express disavowal of any federal claims, Elmore City's acknowledgment that any constitutional claim is at most "implied," and the absence of a federal cause of action in the operative pleading, remand is required pursuant to 28 U.S.C. § 1447(c). *See id.* (granting remand where Plaintiff affirmatively disavowed any federal claims).

### IV.     Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 6] is GRANTED. This action is remanded to the District Court of Garvin County, State of Oklahoma.[3] The Clerk of Court is directed to take all actions necessary to effectuate the remand.

IT IS SO ORDERED this 29th day of January, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] Any pending motions that remain are properly addressed by the state court on remand as this Court lacks jurisdiction to consider the motions. *See, e.g., Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (vacating district court's post-removal substantive rulings where it lacked jurisdiction because "it had no power to rule on any substantive motions").